[No. 3821.]

DENNIS GIBBONS CONSTRUCTION COMPANY ET AL. v. RUBIDGE.

NEW TRIAL—*Finding Not Supported by Evidence.* The trial court, in estimating the plaintiff's damages, accepted and acted upon the testimony of a particular witness, which was not only vague, indefinite, and unsatisfactory, but was opposed to all the other testimony heard. The judgment was reversed.

*Appeal from Denver District Court.* HON. H. C. RIDDLE, Judge.

Mr. JOHN H. REDDIN and Mr. PATRICK D. CONNOR, for appellants.

Mr. CARL H. COCKRAN, for appellee.

*Per Curiam.*

By the frank and commendable concessions of both counsel, this appeal presents but one question, and that

purely one of fact.  The construction company excavated
and removed from vacant lots belonging to Rubidge a
quantity of. sand and gravel, to be used in the construc-
tion of a sewer.  Rubidge brought suit and obtained judg-
ment against the construction company and Gibbons, its
president, for $1,250.25.  The market value of the gravel
and sand per yard was a disputed question.  The trial
judge adopted the highest valuation placed upon it by
any witness.  The quantity of the gravel taken was like-
wise in dispute on the trial, and the trial court, in its
findings, announced that it would adopt the testimony of
one Noonan on that point, and if Noonan's testimony
had been definite and certain, it would be our duty to
affirm this judgment, notwithstanding the fact that his
figures, as to the quantity and as to the price, were the
largest given.  But Noonan's testimony as to the amount
of gravel removed was indefinite, uncertain, and wholly
unsatisfactory.  The excavation, it was conceded by all the
witnesses having any knowledge on that point, extended
into the public street, and the plaintiff below, appellee
here, makes no claim, as indeed he could make none, for
the gravel and sand taken by the construction company
from the street.  Various witnesses—two or three of
them civil engineers who had made surveys—testified
that the excavation extended into the street, and gave the
distance it so extended.  One of these engineers was a
witness for the plaintiff, Rubidge.  He testified that 653
cubic yards of gravel taken came from the street and
alley, and but 975 cubic yards were taken out of the lots.
But the court allowed the plaintiff for 1,667 cubic yards
taken from the lots.  This was almost the exact quantity
which the engineer called by the plaintiff testified was
taken from both the lots of the plaintiff and the street
and alley.  The unsatisfactory and indefinite character
of Noonan's testimony is illustrated by the following,
taken from the abstract:

"I should judge the pit was seven or eight feet deep. I never measured it.

"Q.   By reason of your experience, could you make an estimate of the amount in cubic yards of sand or gravel taken out of this pit?

"A.   No, I would not make an estimate at all. * * * I do not know how far into the street the pit extended. Cannot say that the 100 by 75 was all upon the lots."

From the foregoing, it is plain that the trial court erred in adopting the testimony of Noonan, and rejecting the testimony of all the other witnesses on the question of the amount of gravel and sand which had been excavated from the premises owned by the plaintiff, and the judgment must, for that reason, be reversed.

*Judgment Reversed.*